UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-81558-RAR

**CLARENCE SIMMONS,** *et al.*,

    Plaintiffs,

v.

**FORD MOTOR COMPANY**,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE
PLAINTIFFS' REBUTTAL EXPERTS AND REBUTTAL
<u>REPORTS OF PREVIOUSLY DISCLOSED EXPERTS</u>**

**THIS CAUSE** comes before the Court on Defendant's Motion to Exclude Plaintiffs' Rebuttal Experts and Rebuttal Reports of Previously Disclosed Experts [ECF No. 160] ("Motion"). Having reviewed the record, Plaintiffs' Response [ECF No. 169], Defendant's Reply [ECF No. 173], and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion [ECF No. 160] is **GRANTED**.

**BACKGROUND**

On November 14, 2018, Plaintiffs filed their Class Action Complaint alleging that "Ford Mustang-, Ford Expedition-, and Ford Explorer-branded vehicles, model years 2013-2018, with aluminum hoods . . . were delivered to consumers by Ford with an identical and inherent defect in the Class Vehicles' design and/or manufacturing process . . . . The defect . . . causes the Class Vehicles' aluminum panels to corrode and the exterior paint on the aluminum body parts to bubble, flake, peel, rust and/or blister (the 'Corrosion Defect')." [ECF No. 1] ("Complaint") ¶¶ 1-2. Plaintiffs filed their Motion for Class Certification on February 11, 2021. [ECF Nos. 96, 97].

They included expert reports from Anderson (design) [ECF No. 97-7]; Stockton (damages for the alleged design defect) [ECF No. 97-42]; and Kleckner (warranty evaluation) [ECF No. 97-43]. On April 22, 2021, Ford submitted its response and included reports from its experts—Taylor, Befurt, Harless, O'Guinn, and Simonson. [ECF Nos. 112; 113-1 at 117; 313; 113-4 at 2, 44; 117].

Plaintiffs served their reply in support of class certification and *rebuttal* expert reports on June 16, 2021. Plaintiffs reply in support of class certification was timely. *See* Fourth Amended Scheduling Order [ECF No. 121]. However, none of the Court's four scheduling orders, which were adopted versions of the parties' own proposed orders, provided for Plaintiffs' rebuttal experts. Further, Plaintiffs, in their multiple requests to modify the deadlines related to the briefing schedule for their Motion for Class Certification, did not mention their intent to file rebuttal expert reports or request the ability to do so.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 26(a)(2) governs how and when parties are to disclose expert testimony. Fed. R. Civ. P. 26(a)(2)(A). A party must make expert disclosures, including disclosure of rebuttal experts, at the times and in the sequence that the court orders. Fed. R. Civ. P. 26(a)(2)(D); *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 717 (11th Cir. 2019). "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise . . . compliance with the requirements of Rule 26 is not merely aspirational." *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008) (affirming the striking of expert report provided seven weeks after the close of discovery). If an expert report "is intended solely to contradict or rebut evidence on the same subject matter identified by another party," that expert report must be disclosed either "at the times and in the sequence that the court orders" or "within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii).

Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Factors relevant to the determination of whether a failure to disclose is substantially justified or harmless under Rule 37(c)(1) are: "(1) the importance of the testimony; (2) the reason for the [party's] failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify." *Bearint ex rel. Bearint v. Dorell Juv. Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004); *see also Salvani v. Corizon Health, Inc.*, No. 17-24567, 2019 WL 3410028, at *2 (S.D. Fla. July 29, 2019) (explaining "[a] failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to receive the disclosure."). A district court enjoys "broad discretion in deciding whether a failure to disclose evidence is substantially justified or harmless." *King v. Akima Glob. Servs., LLC*, 323 F.R.D. 403, 410 (S.D. Fla. 2017). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009).

## **ANALYSIS**

Defendant alleges that Plaintiffs' rebuttal expert reports are untimely under Federal Rule of Civil Procedure 26(a)(2)(D)(ii). Plaintiffs counter that said Rule does not apply to class certification experts, only experts to be used at trial. Although the Eleventh Circuit does not appear to have definitively addressed the applicability of the Rule to expert reports submitted in support of class certification, the language of Rule 26(a)(2)(D)(ii)—coupled with the practical implications of failing to abide by the Rule outside of the trial context—mandate its application in the instant case. As explained herein, the time limit imposed by the Rule—which requires that a rebuttal

expert report be disclosed within 30 days after the opposing party's disclosure—applies to expert reports in support of class certification. And in this case, it is undisputed that Plaintiffs' rebuttal expert reports were filed outside of this time limitation, to wit, on June 16, 2021—55 days after Defendant's disclosure. Moreover, even if the Rule were found to be inapplicable, the simple fact remains that the Court's scheduling order did not permit a rebuttal to Defendant's rebuttal experts, rendering Plaintiffs' additional expert reports akin to an unauthorized sur-reply.

Rule 26(a)(2) primarily concerns expert disclosures in advance of trial, stating that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). However, when interpreting the Federal Rules of Civil Procedure, "[w]e give the [Rules] their plain meaning." *Sargeant v. Hall*, 951 F.3d 1280, 1283 (11th Cir. 2020) (citing *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 540 (1991)) (internal quotation marks omitted). Because, as with statutes, "[o]ur 'starting point' [when interpreting the Rules] is the language of the [Rule] itself[,]" *Harrison v. Benchmark Elecs. Huntsville, Inc.,* 593 F.3d 1206, 1212–14 (11th Cir. 2010), it is worth noting that Rule 26(a)(2) does not state it applies *only* to expert witnesses intended to be used at trial or that an expert must be used at trial to trigger the Rule's disclosure requirements. Indeed, reading Rule 26(a)(2) within the context of the Federal Rules is even more telling. Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence *on a motion, at a hearing, **or** at a trial*[.]" Fed. R. Civ. P. 37(c)(1) (emphasis added). Thus, permitting untimely expert testimony to be considered in support of a motion for class certification would be in direct contravention of the text and plain meaning of Rules 26 and 37.

In addition to the text, practical considerations weigh heavily in favor of applying Rule 26 to expert reports submitted in support of a motion for class certification. In *Reese*, the Eleventh Circuit recognized that Rule 26's "expert disclosure rule is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." 527 F.3d at 1265. In that case, the "Court concluded that plaintiff's filing of his expert affidavit seven weeks after the close of discovery and in response to defendants' summary judgment motion violated Rule 26 and Local Rule 26.2(C) because disclosure of the expert's report was not . . . sufficiently in advance of the close of discovery to furnish defendants an opportunity to depose that expert and obtain a rebuttal expert during the discovery period." *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1362 (11th Cir. 2008). As explained by the Court in *Reese*, the late filing precluded the party from using the expert report in opposition to a motion for summary judgment, not solely at trial.

The emphasis on proper notice to an opposing party was stressed by the Eleventh Circuit again in *OFS Fitel* when the Court upheld a district court's order striking an expert report that contained insufficient information, stating that the omitted information was "the type of information [that] is required in the expert's written report precisely because it is important information necessary to attorneys in preparation for deposing the expert." *Id*. The focus on providing time for parties to prepare for and depose experts is clear under Eleventh Circuit precedent—and failing to hold parties to the same standards in the submission of expert reports in support of class certification would clearly be contrary to that focus. If Plaintiffs were permitted to present rebuttal experts outside the scope of the Court's scheduling order, Defendant would have little to no opportunity to depose said experts before the motion for class certification would be ripe for review.

As previously stated, this issue has not been squarely addressed by the Eleventh Circuit. However, in *Bowman v. International Business Mach. Corp.*, the United States District Court for the Southern District of Indiana applied Rule 26 to rebuttal reports of experts offered in support of class certification under almost identical circumstances. *See* No. 11-CV-0593-RLY-TAB, 2012 WL 6596933, at *2–3 (S.D. Ind. Dec. 18, 2012) (citing *Stillwater of Crown Point Homeowner's Ass'n v. Kovich,* 820 F. Supp. 2d 859, 866–70 (N.D. Ind. 2011) (applying the 30–day rule to a rebuttal report submitted in response to a summary judgment motion); *Cason–Merenda v. Detroit Med. Ctr.,* No. 6–15601, 2010 WL 1286410, at *1–2 (E.D. Mich. Mar. 31, 2010) (excluding a rebuttal report filed five days after the 30–day deadline and on the same day as plaintiff's class certification motion); *In re Intel Corp. Microprocessor Antitrust Litig.,* No. 5–1717, 2010 WL 2802271, at *1 (D. Del. Mar. 22, 2010) ("Pursuant to Fed. R. Civ. P. 26(a)(2)(C)(ii), Class Plaintiffs were required to disclose Prof. Noll as a potential rebuttal witness, absent a stipulation or court order, within 30 days after Intel's disclosure of its expert witness . . . ."); *Welch v. Eli Lilly & Co.,* No. 06–0641–RLY–JMS, 2009 WL 700199, at *3–5 (S.D. Ind. Mar. 16, 2009) (applying the 30–day rule to a purported rebuttal report submitted in support of a motion for a proposed class action)).

In recognizing the practical implications of allowing late expert rebuttal reports filed without proper time for the opposing party to depose the experts or factor the testimony into their response, the *Bowman* Court stated,

> Without a default deadline for rebuttal reports, the parties could use rebuttal reports as tactical weapons that could unduly prejudice an opponent and interfere with a just, speedy, and inexpensive determination of the issues. *See* Fed. R. Civ. P. 26 Advisory Committee Note (1983). For example, a party could wait to serve a rebuttal report after the opposing party already deposed the experts and discovery closed, both of which Plaintiffs did in this case. Moreover, if the drafters of Rule 26(a)(2)(D) intended for the 30–

> day rule to only apply to impending trials there are numerous ways in which the drafters could have articulated such a limitation, including simply stating that rebuttal reports must be disclosed at least 60 days before trial. Instead, Rule 26(a)(2)(D) specifically states that rebuttal reports must be disclosed "within 30 days after the other party's disclosure."

*Id*. The expert reports at issue here present the same concerns as the rebuttal report in *Bowman*. Thus, the Court finds the reasoning of its sister court convincing, especially when combined with the plain text of the applicable Federal Rules. Consequently, the Court finds that Plaintiffs' rebuttal expert reports were filed in violation of Rule 26.

As the reports were filed in violation of Rule 26, "[Plaintiffs are] not allowed to use that information . . . to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court finds that Plaintiffs have failed to carry their "burden of establishing that a failure to disclose was substantially justified or harmless[.]" *Mitchell*, 318 F. App'x at 824. Plaintiffs have offered no excuse for their late filings, nor did they seek leave to file reports out of time. Instead, they claim that they did in fact adhere to the Court's scheduling order. But the Court's scheduling order did not contemplate a third round of expert reports. *See* Fourth Amended Scheduling Order [ECF No. 121] (providing deadlines for the submission of expert reports in support of class certification and rebuttal expert reports but remaining silent as to Plaintiffs' ability to file expert reports to rebut Defendants' rebuttal experts).

Permitting Plaintiff's late-filed and unauthorized reports would be highly prejudicial to Defendant because it had no opportunity to depose said experts prior to filing its response to class certification—and had no opportunity to respond because the briefing on class certification concluded the day the rebuttal expert reports were filed. As Defendant points out, there is ample in-circuit precedent indicating that this type of failed disclosure is "classic prejudice." Mot. at 4-5; *see Reese*, 527 F.3d at 1265-66 (finding untimely expert submitted in opposition to summary

judgment harmful, noting that the disclosure rule is intended to provide parties with "reasonable opportunity" to prepare an effective cross examination and "arrange for expert testimony from other witnesses"); *Guevara*, 920 F.3d at 717 (excluding report filed after summary judgment and *Daubert* briefing); *Bradenton Beauty & Barber Acad., Inc. v. First Nat'l Ins. Co. of Am.*, No. 16-456-T-27JSS, 2017 WL 2868405, at *2 (M.D. Fla. Apr. 6, 2017) (applying factors set forth in Rule 37(c)(1) and finding expert's late disclosure to be neither justified nor harmless where it was after deadline for the defense to offer rebuttal experts and trial was set to begin); *Companhia Energetica Potiguar v. Caterpillar Inc.*, No. 14-24277, 2016 WL 3102225, at *8 (S.D. Fla. June 2, 2016) (holding plaintiff's failure to timely disclose expert opinion was neither substantially justified nor harmless, as plaintiff had ample time to present its expert's opinions and the late disclosure occurred after the opposing party filed a motion for summary judgment and a *Daubert* motion).

In sum, Plaintiffs' rebuttal export reports submitted with their reply in support of class certification must be stricken under Rule 37(c)(1).

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Exclude Plaintiffs' Rebuttal Experts and Rebuttal Reports of Previously Disclosed Experts [ECF No. 160] is **GRANTED**. Plaintiffs' Expert Reports and Rebuttal Report of Previously Disclosed Experts will not be considered for purposes of adjudicating Plaintiffs' Motion for Class Certification.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 22nd day of December, 2021.

  _____
  **RODOLFO A. RUIZ II**
  **UNITED STATES DISTRICT JUDGE**