UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-81558-RAR

**CLARENCE SIMMONS,** *et al.*,

    Plaintiffs,

v.

**FORD MOTOR COMPANY**,

    Defendant.
_____/

**ORDER DENYING PLAINTIFFS' MOTION
TO EXCLUDE DEFENDANT'S ANSWERS TO INTERROGATORY NO. 19**

**THIS CAUSE** comes before the Court on Plaintiffs' Motion to Exclude Ford's Second Supplemental Answers and Objections to Plaintiffs' Interrogatory No. 19 [ECF No. 130] ("Motion"). Having reviewed the record, Defendant's Response [ECF No. 145], Plaintiffs' Reply [ECF No. 148] ("Reply"), and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion is **DENIED**.

**BACKGROUND**

This Motion involves Plaintiffs' Interrogatory No. 19, which asked Defendant to "[i]dentify and state with full particularity all changes that Ford has made to the leading edge of the hem of the hood, if any, during the Class Period to the Class Vehicles to mitigate in any way the Corrosion Defect." Resp. at 3 (citing Ex. 1, Ford's Answers to Plaintiffs' Second Interrogatories, No. 19). In response, Defendant stated the following change: "Adding full perimeter over-hem sealer to the Mustang beginning with the 2017 model year[.]" Ford's Supplemental Answers to Plaintiffs' Second Interrogatories, No. 19 [ECF No. 130-1]. Two months later, after discovery had closed, Plaintiffs filed their Motion for Class Certification. Resp.

at 4. In this motion, Plaintiffs identified the alleged defect as the absence of full perimeter hem sealer. *Id*. After Plaintiffs filed their motion, Defendant served a corrected interrogatory response pursuant to Rule 26(e), which indicated that a full perimeter over-hem sealer was added to the Mustang beginning with the 2015, as opposed to the 2017, model year. Ford's Second Supplemental Answers to Plaintiffs' Second Interrogatories, No. 19 [ECF No. 130-2] ("Second Supplemental Answers").

## **LEGAL STANDARD**

A district court has "authority under Federal Rule of Civil Procedure 37 to sanction parties failing to disclose or supplement discovery responses." *Forte v. Otis Elevator Co.*, No. 14-20360, 2015 WL 12778437, at *2 (S.D. Fla. Feb. 12, 2015). Under Federal Rule of Civil Procedure 26(e), a party must supplement or correct its response "if the party learns that in some material matter the disclosure or response is incomplete or incorrect, and if the addition or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." When a party fails to provide information during discovery, the standard remedy is that "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

A duty to correct does not arise "if the additional or corrective information" was "made known to the other parties during the discovery process." Fed. R. Civ. P. 26(e)(1). "There is, however, no obligation to provide supplemental or corrective information that has been otherwise made known to the parties . . . during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition." Fed. R. Civ. P. 26 advisory committee's note; *see also Stephone v. Byblow Trading, Inc.*, No. 06-80067, 2007 WL 837204, at *1 (S.D. Fla. Jan. 29, 2007) ("Defendants need not amend their answers since the corrected information was

made known to Plaintiff during discovery" when they "attended Boueri's deposition and asked the questions uncovering the [correct] information.").

## ANALYSIS

Plaintiffs claim that Defendant violated Rule 26(e) by failing to timely disclose that the full perimeter over-hem sealer was added to the Mustang beginning with the 2015, as opposed to the 2017, model year. Mot. at 1. Plaintiffs request that the Court enter an order prohibiting Defendant "from using in any motion, at any hearing, or at trial Ford's Second Supplemental Answers and Objections to Plaintiffs' Interrogatory No. 19 . . . and from using or otherwise introducing in any motion, at any hearing, or at trial any evidence that contradicts Ford's earlier sworn answer to Interrogatory No. 19 that Ford added full perimeter over-hem sealer to the Mustang beginning with the 2017 model year." *Id*. However, the Court finds that Defendant had "no obligation to provide supplemental or corrective information" because the information was "otherwise made known to the [Plaintiffs.]" Fed. R. Civ. P. 26 advisory committee's note.

As stated above, courts in this District have determined that a party need not amend their interrogatory responses when corrected information was made known to a party during discovery and, specifically, during a witness' deposition. *See Stephone*, 2007 WL 837204 at *1. That is exactly what happened here. Plaintiffs deposed Mike Gardynik—the designer of the hood for the Mustang platform that began with the 2015 model year—and specifically asked him whether those hoods had full-perimeter hem sealer. *See* Resp. at Ex. 4, Gardynik Deposition, at 45:2-4 ("Q: Now, the over-hem sealer that you're talking about, is this over-hem sealer that runs the full perimeter of the hood or just the front of the hood?"). He testified that beginning with the introduction of the S550 in the <u>2015</u> model year, Mustangs had full-perimeter hem sealer. *Id*. at 45:5 ("A: On the 550 it was full perimeter."). Mr. Gardynik's testimony was known to Plaintiffs and their experts *before* they filed their motion for class certification. Indeed, Erik Anderson,

Plaintiffs' design defect expert, summarized this testimony in his report. *See* [ECF No. 97-1] ("Anderson Rpt.").

Plaintiffs also requested design documents regarding all the putative Class Vehicles, and in response, Defendant produced a design drawing that showed the full perimeter sealer on the 2015 Mustang. [ECF No. 113-1] at 608 (Screenshot of SMMNS_1 029321). Plaintiffs' own expert stated that he reviewed these drawings in formulating his opinions. *See* Anderson Rpt. at 6 ("My opinion is based on my review of the CAD data, drawings, testimony, discovery documents, and a study of exemplar hoods for the Class Vehicles."). Accordingly, the disclosure of this corrective information during discovery by Defendant's expert did not give rise to a duty to amend or correct under Rule 26(e). Nonetheless, Defendant still served an amended interrogatory. *See* Second Supplemental Answers.

Further, even if this Court were to find Defendant's supplemental response to Interrogatory No. 19 deficient, the remedy requested by Plaintiffs would be patently absurd. Excluding Defendant's supplemental response and forcing them to repeatedly state that the perimeter over-hem sealer was added to the Mustang beginning with the 2017 model year—when in reality it was added in 2015—would force Defendant "to construct, to maintain, and to proffer to the jury a 'fiction.'" *United States v. CMC II LLC*, No. 8:11-CV-1303-T-23TBM, 2016 WL 7665764, at *1 (M.D. Fla. Dec. 1, 2016). Plaintiffs had numerous tools at their disposal to fix this issue had they truly believed that Defendant's amended interrogatory required additional discovery or necessitated an amendment to their pleadings. But these tools do not include forcing Defendant to submit false information to the Court and a potential jury.

## **CONCLUSION**

Because Defendant clearly made the corrected information known to Plaintiff during the discovery period, Plaintiffs' Motion warrants denial. Accordingly, for the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Exclude Ford's Second Supplemental Answers and Objections to Plaintiffs' Interrogatory No. 19 [ECF No. 130] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 24th day of January, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**