UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-81558-RAR

**CLARENCE SIMMONS,** *et al.*,

    Plaintiffs,

v.

**FORD MOTOR COMPANY**,

    Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** comes before the Court upon Plaintiffs' Motion for Reconsideration of the Court's March 21, 2022 Order Denying Plaintiffs' Motion for Class Certification [ECF No. 222] ("Motion"). In their Motion, Plaintiffs assert that "the Court committed manifest or clear error on issues of standing, ascertainability, predominance, damages, and superiority." Mot. at 1. The source of this error, Plaintiffs contend, is twofold: (1) the Court "misapprehended" Ford's hem design; and (2) "the Court did not address whether the existence of this design defect at the time of sale could be resolved by common proof." *Id*.

However, these arguments, much like Plaintiffs' arguments in their Motion for Class Certification, "misapprehend" Eleventh Circuit case law. More importantly, Plaintiffs' contrived interpretation of the law as it relates to class certification was rejected by this Court in its Order Denying Plaintiffs' Motion for Class Certification, [ECF No. 205] ("Order"), and the present Motion provides no new grounds in support of reconsideration. Thus, after reviewing the Motion, Defendant's Response in Opposition, [ECF No. 225], the Order, the record, and being otherwise fully advised, it hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion [ECF No. 222] is **DENIED** for the reasons stated herein.

## BACKGROUND

The substantive background is thoroughly recited in the Order. *See* Order at 3-9. For purposes of the present Motion, the relevant events began on March 21, 2022, when the Court denied Plaintiffs' Motion for Class Certification. In the Order, the Court ruled that Plaintiffs' claim for class certification was flawed in three principal respects: (1) Individual factual and legal issues predominated Plaintiffs' claims; (2) Plaintiffs failed to meet their burden of showing that a class action is "superior" to other means of adjudication; and (3) the named Plaintiffs lacked standing to represent classes containing different vehicle models and different state laws.

## LEGAL STANDARD

"Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Seff v. Broward County*, No. 10-61437, 2011 WL 13111723, at *1 (S.D. Fla. Aug. 19, 2011); *see also Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("[The] purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."). "Parties cannot file motions for reconsideration that ask the Court to rethink what the Court . . . already thought through—rightly or wrongly." *American Univ. of Caribbean, N.V. v. Carital Healthcare, Inc.*, No. 08-20374, 2011 WL 13174780, at *1 (S.D. Fla. Mar. 17, 2011) (internal quotations and citation omitted); *see also Farrell v. Flecha*, No. 13-22457, 2013 WL 12139327, at *1 (S.D. Fla. Jul. 25, 2013) (citing *Arthur*, 500 F.3d at 1343) ("A motion for reconsideration cannot be used to re-litigate old matters or present evidence that was available prior to the entry of judgment.").

## ANALYSIS

Among Plaintiffs' assertion that "the Court committed manifest or clear error on issues of standing, ascertainability, predominance, damages, and superiority[,]" are six main grounds for reconsideration. Plaintiffs claim (1) the Court overlooked Article III standing precedent; (2) the Court's ascertainability ruling recasts Plaintiffs' injury and directly contradicts Eleventh Circuit precedent; (3) the Court's Rule 23(b)(3) predominance holding misconstrues Rule 23 standards; (4) the Court's determination that Plaintiffs' damages model defeats certification is contrary to controlling precedent and Rule 23 standards; (5) the Court's determination that Rule 23(b)(3)'s superiority factors weigh against certification was manifest or clear error; and (6) Ford has made admissions of new facts since Plaintiffs' Motion for Class Certification was filed.

The first five grounds can immediately be disposed of as the arguments are merely requests that "the Court . . . rethink what the Court . . . already thought through." *American Univ. of Caribbean*, 2011 WL 13174780, at *1. Indeed, the Court has thoroughly reviewed Plaintiffs' Motion and has not found a single argument for reconsideration that was not presented—and disposed of—by the Court in its original 47-page Order. The Court's analysis remains the same.

Plaintiffs' sixth claim, that Ford has made admissions of new facts, is the only claim warranting examination. As previously stated, one "purpose of a motion for reconsideration is . . . to present newly discovered evidence." *Arthur*, 500 F.3d at 1343. Plaintiffs claim that Ford has made "admissions" that constitute "new evidence" since the filing of their Motion for Class Certification. But these "admissions" are irrelevant for purposes of reconsideration because they do not qualify as "new evidence." The Eleventh Circuit has laid out a clear test for determining when "new evidence" can result in reconsideration of a Court's decision:

> (1) the evidence must be newly discovered *since the . . . final judgment or order*; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that . . . reconsideration of the final judgment or order would probably produce a new result.

*Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1274 (11th Cir. 2014) (emphasis added) (internal quotations and citations omitted).

Plaintiffs' argument fails on the first prong of this test and the Court need not go further. Simply put, all of the alleged "new evidence" that Plaintiffs cite in their Motion was available to them before the issuance of the Court's Order. Indeed, Plaintiff claims the source of the alleged "new evidence" was Defendant's Statement of Undisputed Facts in Support of Motion for Partial Summary Judgment, [ECF No. 170], and Defendant's Reply Statement of Material Facts in Support of Its Motion for Partial Summary Judgment, [ECF No. 193]—both of which were filed more than four months *before* the Court issued its Order.

Plaintiffs attempt to obfuscate this fact by claiming that this information was provided after they filed, but before the Court had ruled on, their Motion for Class Certification. Mot. at 3. While this is true, Plaintiffs did not amend, nor make any attempt to amend, their pleadings to include information supposedly so significant that it warrants reconsideration of the Court's Order. Even if they had, the law is clear: new evidence must be newly discovered *since the order*, not the underlying motion. *Consorcio*, 747 F.3d at 1274. Thus, Plaintiffs' request that the Court characterize this evidence as "newly discovered" for purposes of reconsideration is contrary to case law and does not provide an adequate ground for the Court to revisit its denial of class certification—a decision that was reached after careful analysis of the record, as well as the parties' extensive briefing.

## CONCLUSION

In sum, Plaintiffs have not identified any clear errors in the Court's Order. Nor have they presented any new evidence warranting reconsideration. Thus, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion [ECF No. 222] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 31st day of August, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**